UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

DIVENSON PETION,
    *Plaintiff*,

v.

LIEUTENANT PEARSON, et al.,
    *Defendants*.

No. 3:22-cv-1647 (OAW)

## INITIAL REVIEW ORDER

Self-represented plaintiff Divenson Petion is a sentenced inmate who is housed at MacDougall-Walker Correctional Institution ("MacDougall") in the custody of the Department of Correction ("DOC").[1] Compl. (ECF No. 1). He has filed this complaint under 42 U.S.C. § 1983 against eleven MacDougall employees in their individual and official capacities: Lieutenants Pearson and McNeil; Correction Officers Blevons, Mehmety, Czikowsky, Scott, McGregor, Channy, Spotten, and Aponte; and Nurse McDonald. Compl., ECF No. 1 at 1–2. He asserts violations of his rights under the Fourteenth Amendment, the First Amendment, and the Eighth Amendment, seeking damages and declaratory relief. The court thoroughly has reviewed all the factual allegations in the complaint and has conducted an initial review of the allegations therein pursuant to 28 U.S.C. § 1915A. For the reasons discussed herein, this action may proceed on some of Plaintiff's claims.

---

[1] The court may "take judicial notice of relevant matters of public record." *Giraldo v. Kessler*, 694 F.3d 161, 164 (2d Cir. 2012). The publicly available information on the Connecticut DOC website shows that Plaintiff was sentenced on January 30, 2015. http://www.ctinmateinfo.state.ct.us/detailsupv.asp?id_inmt_num=322706.

1

**I.     Allegations[2]**

Plaintiff alleges that he was assaulted and exposed to a chemical agent by Defendants Pearson, Blevons, Mehmety, Czikowsky, Scott, McGregor, and Channy on April 27, 2020.  ECF No. 1 at 3.  He alleges that they called him a racial slur and told him that they were taking action because of his complaints to the warden about stolen property.  *Id.*  Plaintiff further alleges that Defendant Pearson issued Plaintiff a Disciplinary Report to cover up the correctional staff's misconduct and that Defendant McDonald failed to document Plaintiff's injuries in his medical file or incident report in accordance with DOC policy.   *Id.* at 3–4. Defendant Aponte, who acted as the Disciplinary Report investigator, allegedly denied Plaintiff the opportunity to present witnesses and would not accept witness statements of the assault.  *Id.* at 4.  Defendant Spotten, a Freedom of Information ("FOI") liaison, allegedly denied Plaintiff's legitimate FOI request in an attempt to cover up staff misconduct.  *Id.*  And Defendant McNeil, who was the Disciplinary Hearing Officer, allegedly deprived Plaintiff of a fair hearing procedure, refusing to let him view the incident report and camera footage, and denying him the opportunity to present witnesses at the hearing.  *Id.*

**II.    DISCUSSION**

"Section 1983 provides a private right of action against any person who, acting under color of state law, causes another person to be subjected to the deprivation of rights under the Constitution or federal law."  *Blyden v. Mancusi*, 186 F.3d 252, 264 (2d

---

[2] All factual allegations are drawn from the complaint and are considered to be true for this initial review. The court does not include herein all of the allegations from the complaint but will briefly summarize the facts to provide context.

2

Cir. 1999). The Prison Litigation Reform Act requires federal courts to review complaints brought by prisoners seeking relief against a governmental entity, or against the officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). Upon review, the court must dismiss a complaint (or any portion thereof) that is frivolous or malicious, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b).

### A. Eighth Amendment Excessive Force

An Eighth Amendment excessive force claim comprises both a subjective and an objective element. *Sims v. Artuz*, 230 F.3d 14, 20 (2d Cir. 2000). In order to satisfy the subjective element, Plaintiff must show that the force employed was not "applied in a good-faith effort to maintain or restore discipline" but was done "maliciously or sadistically to cause harm." *Id.* at 21. As for the objective element, Plaintiff must show that the harm done was so objectively serious as to violate Plaintiff's constitutional right to be free from it. *Id.* For purposes of initial review, the court finds that the allegations of assault and exposure to a chemical agent adequately state Eighth Amendment misuse of force claims against Defendants Pearson, Blevons, Mehmety, Czikowsky, Scott, McGregor, and Channy in their individual capacities for damages.

### B. First Amendment Retaliation

To plead a First Amendment retaliation claim, an inmate must plausibly allege "(1) that the speech or conduct at issue was protected, (2) that the defendant took adverse action against the plaintiff, and (3) that there was a causal connection between the protected speech and the adverse action." *Brandon v. Kinter*, 938 F.3d 21, 40 (2d

Cir. 2019) (quoting *Gill v. Pidlypchak*, 389 F.3d 379, 380 (2d Cir. 2004)).  Protected speech or activity includes, for example, filing a lawsuit, an administrative complaint, or a prison grievance.  *See id.* ("The filing of prison grievances is a protected activity."). Courts within the Second Circuit have held that verbal complaints about the conduct of prison officials may constitute protected activity.  *Stewart v. Ayala*, No. 3:20-CV-1938 (CSH), 2022 WL 4356467, at *8 (D. Conn. Sept. 20, 2022).  The Second Circuit has instructed district courts, however to "approach prisoner retaliation claims with skepticism and particular care, because virtually any adverse action taken against a prisoner by a prison official—even those otherwise not rising to the level of a constitutional violation—can be characterized as a constitutionally proscribed retaliatory act."  *Dolan v. Connolly*, 794 F.3d 290, 295 (2d Cir. 2015) (quoting *Davis v. Goord*, 320 F.3d 346, 352 (2d Cir.2003)).

Here, Plaintiff sufficiently has alleged that he suffered adverse action as a result of his protected activity of complaining about his stolen property to the prison warden. Accordingly, Plaintiff may proceed on his First Amendment retaliation claims against Defendants Pearson, Blevons, Mehmety, Czikowsky, Scott, McGregor, and Channy in their individual capacities for damages.

    **C.**    **Fourteenth Amendment**

Analysis of a procedural due process claim under the Fourteenth Amendment "proceeds in two steps: [a court] first ask[s] whether there exists a liberty or property interest of which a person has been deprived, and if so [the court] ask[s] whether the procedures followed by the State were constitutionally sufficient."  *Swarthout v. Cooke*, 562 U.S. 216, 219 (2011) (per curiam).  "States may under certain circumstances create

liberty interests which are protected by the Due Process Clause." *Sandin v. Conner*, 515 U.S. 472, 483–84 (1995). "A prisoner's liberty interest is implicated by prison discipline . . . only if the discipline 'imposes [an] atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life.'" *Davis v. Barrett*, 576 F.3d 129, 133 (2d Cir. 2009) (quoting *Palmer v. Richards*, 364 F.3d 60, 64 (2d Cir.2004)). The Second Circuit has explained that in determining whether a plaintiff endured an "atypical and significant hardship," courts must examine the actual punishment received, as well as the conditions and duration of the punishment. *Id.* at 133–34.

Defendant Pearson: Plaintiff appears to allege a due process violation against Defendant Pearson for issuing him a false disciplinary report. The court must dismiss this claim as not plausible because "a prison inmate has no general constitutional right to be free from being falsely accused in a misbehavior report." *Boddie v. Schnieder*, 105 F.3d 857, 862 (2d Cir. 1997).

Defendant Spotten: Plaintiff's Fourteenth Amendment claims against Defendant Spotten must be dismissed for failure to state a cognizable liberty interest based on the DOC directives. Mandatory language in a prison directive or regulation alone does not create a liberty interest. *See Sandin,* 515 U.S. at 483 (departing from the then-usual practice of courts to "search for a negative implication from mandatory language in prisoner regulations" because such a practice "strayed from the real concerns undergirding the liberty protected by the Due Process Clause."). Thus, allegations of a failure to comply with state-created procedures does not implicate due process rights absent facts indicating a deprivation that is atypical and significant. *See Fernandez v. Armstrong*, No. 3:02CV2252CFD, 2005 WL 733664, at *10 (D. Conn. Mar. 30, 2005)

5

(explaining "mandatory language in a prison directive or regulation does not in and of itself create a liberty interest."). Accordingly, Defendant Spotten's denial of Plaintiff's FOI request, even if improper, does not constitute a constitutional violation as no allegations suggest Plaintiff was subjected to an atypical and significant deprivation.

Furthermore, "it is beyond question that FOIA applies only to federal and not to state agencies." *Lont v. Roberts*, No. 12-CV-4960 MKB, 2013 WL 1810759, at *4 (E.D.N.Y. Apr. 26, 2013) (quoting *Grand Cent. P'ship, Inc. v. Cuomo*, 166 F.3d 473, 484 (2d Cir.1999)). And to the extent Plaintiff alleges violations of the state law analog, *see* Conn. Gen. Stat. § 1-200 *et seq.*, Plaintiff could correct any wrongful denial of his request for information under Connecticut General Statutes § 1-206(b)(1) ("Any person denied the right to inspect or copy records under section 1–210 . . . or denied any other right conferred by the Freedom of Information Act may appeal therefrom to the Freedom of Information Commission . . . ."). Accordingly, a denial of Plaintiff's FOI request did not implicate Fourteenth Amendment due process rights cognizable in a Section 1983 action. *See Abreu v. Farley*, No. 6:11-CV-06251 EAW, 2019 WL 1230778, at *7 n.6 (W.D.N.Y. Mar. 15, 2019) (finding no cognizable Fourteenth Amendment claim where state remedies were available for a state freedom of information law) (citing *Old St. George's LLC v. Bianco*, 389 F. App'x 33, 35 (2d Cir. 2010)).

<u>Nurse McDonald</u>: Plaintiff alleges that Nurse McDonald violated his Fourteenth Amendment due process rights by failing to document his injuries (in his medical file and in the incident report) in accordance with DOC policy. However, Plaintiff does not have a liberty interest either in staff directives or in policies designed to guide correctional staff in carrying out their duties. *See Sandin,* 515 U.S. at 481–82

(noting that prison directives, which are designed primarily to guide correctional staff, do not confer rights on inmates); *Riddick v. Chevalier*, No. 11-cv-1555 (SRU), 2013 WL 4823153, at *4 (D. Conn. Sept. 9, 2013) ("State prison directives do not confer any constitutionally protected rights on inmates . . . and Fourteenth Amendment due process protections are not implicated by the defendants' alleged failure to comply with administrative directives."). As Plaintiff has not alleged facts to show that Defendant McDonald's failure to comply with the DOC prison policy imposed an atypical and significant condition of confinement, the court must dismiss this Fourteenth Amendment claim against Nurse McDonald.

Defendants Aponte and McNeil: Plaintiff claims that Defendants Aponte and McNeil deprived him of procedural due process in connection with his disciplinary hearing. However, absent a showing of a liberty interest, Plaintiff has no entitlement to any specific procedural protections. Because Plaintiff has not alleged a plausible liberty interest such that his disciplinary proceedings must be scrutinized for constitutional sufficiency, the court dismisses the Fourteenth Amendment claims against Aponte and McNeil.

### D. OFFICIAL CAPACITY

To the extent Plaintiff seeks monetary damages against Defendants, who are state employees, in their official capacities, such claims are barred by the Eleventh Amendment. *See, e.g., Kentucky v. Graham*, 473 U.S. 159, 169 (1985) ("[A]bsent waiver by the State or valid congressional override, the Eleventh Amendment bars a damages action against a State in federal court.").

Plaintiff may proceed against Defendants in their official capacities only to the extent that he seeks prospective relief for an ongoing violation of federal law. *See Ex parte Young*, 209 U.S. 123, 155–56 (1908). When a party sues a state official in their official capacity, "a federal court's remedial power, consistent with the Eleventh Amendment, is necessarily limited to prospective injunctive relief and may not include a retroactive award which requires the payment of funds from the state treasury." *Edelman v. Jordan*, 415 U.S. 651, 677 (1974) (internal citation omitted). Plaintiff requests declaratory relief, but he has not alleged any ongoing federal violation. And the *Ex parte Young* exception to Eleventh Amendment immunity "does not permit judgments against state officers declaring that they violated federal law in the past . . . ." *Puerto Rico Aqueduct & Sewer Auth. V. Metcalf & Eddy, Inc.*, 506 U.S. 139, 146 (1993). Furthermore, if Plaintiff were to prevail on any constitutional claim proceeding in this action, a judgment in his favor would serve the same purpose as a declaration that Defendants violated his constitutional rights. Thus, dismissal of Plaintiff's declaratory judgment request is warranted because the declaratory relief plaintiff seeks is duplicative of his other causes of action. *See Kuhns v. Ledger*, 202 F. Supp. 3d 433, 443 (S.D.N.Y. 2016) ( "[D]ismissal of a declaratory judgment action is warranted where the declaratory relief plaintiff seeks is duplicative of his other causes of action.").

**III. CONCLUSION**

For the foregoing reasons, it is **ORDERED AND ADJUDGED** as follows:

1. The case shall proceed on Plaintiff's individual capacity claims for damages for:

    a. Eighth Amendment excessive force against Defendants Pearson, Blevons, Mehmety, Czikowsky, Scott, McGregor, and Channy; and

    b. First Amendment retaliation against Defendants Pearson, Blevons, Mehmety, Czikowsky, Scott, McGregor, and Channy.

2. All other claims are DISMISSED. Defendants Aponte, Spotten, McNeil and McDonald are DISMISSED from this action.

3. Plaintiff has two options as to how to proceed in response to this Initial Review Order:

    a. If he wishes to proceed on his First Amendment and Eighth Amendment claims, he shall file a notice on the docket on or before **November 15, 2023,** informing the court that he elects to proceed with service as to the claims set forth in this paragraph. The court will then begin the effort to serve process on Defendants in their individual capacities.

    b. Alternatively, if Plaintiff wishes to attempt to replead any of the claims asserted in his complaint that have been dismissed, in order to attempt to state a viable claim, he may file an amended complaint by **November 15, 2023.** An amended complaint, if filed, will completely replace the complaint, and the court will not consider any allegations made in the original complaint in evaluating any amended complaint. The court will review any amended complaint after filing to determine whether it may proceed to service of process on any defendants named therein. If Plaintiff elects to file an amended complaint, the

original claims addressed herein will **not** proceed to service of process on any defendant.

c. If the court receives no response from Plaintiff by **November 15, 2023,** the case may be dismissed for failure to prosecute in accordance with Federal Rule of Civil Procedure 41(b).

**IT IS SO ORDERED** at Hartford, Connecticut, this 15th day of September, 2023.

/s/
OMAR A. WILLIAMS
UNITED STATES DISTRICT JUDGE